so justified, defendant was negligent. Jenks, P. J., Hirschberg, Thomas, Carr and Rich, JJ., concurred.

Michael Gartland, Respondent, v. Hugh Gartland, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ., concurred.

George Haysman, Respondent, v. Annie E. Fitzpatrick, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. The trial judge instructed the jury that the doctrine of *res ipsa loquitur* did not apply. Without expressing any opinion as to the soundness of this ruling, inasmuch as for the purposes of review upon appeal this must be taken to be the law of this case, there is no evidence of defendant's negligence sufficient to justify submission to the jury. Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ., concurred.

Fannie Hollander, Appellant, v. Heyman Garfinkel, Respondent.— Order setting aside verdict and granting new trial reversed, and verdict unanimously reinstated, with costs, upon the ground that the evidence adduced upon the trial fully justified the jury in rendering its verdict. Present — Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ.

Edward L. Huested, as Administrator, etc., of Orel Huested, Deceased, Appellant, v. Richmond Light and Railroad Company, Respondent.— Judgment reversed and new trial granted, costs to abide the event, upon the ground that the evidence presented an issue which should have been submitted to the jury. Jenks, P. J., Thomas and Rich, JJ., concurred; Hirschberg and Burr, JJ., voted to modify the judgment by striking out the words "upon the merits," and to affirm the judgment as so modified, without costs.

Henry Hunter, Respondent, v. Samuel Sinclair, Appellant.— Judgment and order affirmed, without costs. No opinion. Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ., concurred.

Katie Jussila, Appellant, v. John Jussila, Respondent.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Hirschberg, Burr, Rich and Stapleton, JJ., concurred.

John E. King, Respondent, v. Anna P. Minnerly, Appellant.— Judgment and order reversed, and the motion to dismiss the complaint, made at the close of the entire case, granted, and judgment directed in favor of defendant accordingly, with costs and disbursements in this court and in the court below, upon the ground that if the evidence warranted a finding by the jury that Peterson acted as the agent of defendant in the purchase of goods, he was not the agent of an undisclosed principal, but such principal was known to plaintiff's assignor at the time the goods were purchased and he chose thereafter to make a contract with the agent directly, and to hold him solely responsible therefor, when he filed the notice of mechanic's lien. He must be deemed, therefore, to have waived any right to proceed against the principal. (*Matter of Bateman*, 7 Misc. Rep. 633; affd., 145 N. Y. 623; *Tuthill* v. *Wilson*, 90 id. 423.) Jenks, P. J., Burr, Thomas and Rich, JJ., concurred; Hirschberg, J., dissented.

Herman Koerner, Appellant, v. Louis Balteransky, Respondent.— Judgment affirmed, with costs. The plaintiff, suing on an assigned claim,